UNITED STATES of America for the Use and Benefit of GENERAL ELECTRIC SUPPLY COMPANY, a division of General Electric Company, Plaintiff,

v.

FAYCO ELECTRIC COMPANY, Inc., and American Casualty Company of Reading, Pennsylvania, Defendants.

Civ. No. 8696.

United States District Court
N. D. New York.

April 13, 1962.

Bliss & Bouck, Albany, N. Y., for use-plaintiff, Warner M. Bouck, Albany, N. Y., White & Case, New York City, of counsel.

McClung, Peters & Simon, Albany, N. Y., Kenney & Flint, St. Louis, Mo., for defendants, Francis L. Kenney, Jr., St. Louis, Mo., Homer E. Peters, Albany, N. Y., of counsel.

JAMES T. FOLEY, Chief Judge.

## MEMORANDUM-DECISION

This suit is the common one under the Miller Act by the use-plaintiff, a division of the General Electric Company, against a prime contractor on a government project and its surety to recover unpaid money for materials furnished at an agreed price. The materials were used by Fayco in the fulfillment of its written government contract to modernize the Interior Electric Distribution System at the Watervliet Arsenal, Watervliet, N. Y. It is the claim of the use-plaintiff that the agreed price for such materials was $161,197.07, with payment by Fayco on account $61,801.74, leaving a balance due of $99,359.33. The denial of the price and balance due with concession of delivery of certain materials is commonplace defense. However, the normalcy of the procedure ends with the interposition of elaborate affirmative defenses by both defendants, practically in concert language, that the contract and agreement between the use-plaintiff and Fayco Electric Company is illegal and void, in that the parent company, General Electric, was engaged in combination and conspiracy in restraint of interstate trade, violative of the Sherman Act previous to and during the time the particular materials were furnished Fayco. The result sought by these defenses is to avoid payment for the materials as claimed by the use-plaintiff and to justify refusal to pay the balance claimed. In one counterclaim of three, designated Count II, Fayco, with these same charges and details of anti-trust violations asserted as the basis for relief, asks that the amount of $61,801.74 already paid on account be returned to it. The motion now made by the use-plaintiff and to be decided is to strike the affirmative defenses as insufficient under Rule 12 (f), and Counterclaim II of Fayco for

failure to state a claim for relief under Rule 12(b), Federal Rules of Civil Procedure.

In my judgment there is clear and settled judicial construction by the highest federal authority that entitles the use-plaintiff to the entire relief it seeks. The landmark case declaring the impropriety as defenses of this type of complicated anti-trust charge to a simple sale and purchase transaction is Connolly v. Union Sewer Pipe Co. (1902), 184 U.S. 540, 550–552, 22 S.Ct. 431, 46 L.Ed. 679. Since that time there has been substantial writing in support of such ruling to the most recent opinion by Supreme Court Justice Brennan in Kelly v. Kosuga (1959), 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475. It is noteworthy that in the Connolly case of long ago, Justice Harlan commented that the authorization by Congress in the Sherman Act of a purchaser from alleged unlawful combination to plead such defense would present an entirely different question. (pg. 552, 22 S.Ct. p. 436). No such authorization directly or indirectly to plead such defense in such situations has ever been made by the Congress.

From my reading of the cases,—and there is no need for any embellishment by citation of numerous decisions,—the stream of considerable authority maintains the holding of the Connolly case. The modern review by Justice Brennan in Kelly v. Kosuga, supra, pg. 518, pg. 430 of 79 S.Ct., of the important cases on the question is prefaced by the unadorned statement that as a defense to an action on contract the plea of illegality based on violation of the Sherman Act has not met with much favor in the Supreme Court. The only ripple of consequence in the stream of authority given some consideration as contrary to such conclusion is Continental Wall Paper Co. v. Louis Voight & Sons Co., 212 U.S. 227, 29 S.Ct. 280, 53 L.Ed. 486. This case, upon which defendants mainly rely to uphold the defenses and counterclaim here, in my judgment, seems characterized by Justice Brennan as a ruling upon unique facts and creating paradoxical conclusion. It seems obvious to me from responsible judicial writings that the Continental authority is sui generis. (Lyons v. Westinghouse Electric Corp., L. Hand, 2 Cir., 222 F.2d 184, 187–188). Any broadening of the grounds for the Continental ruling beyond its peculiar facts was laid to rest, as Justice Brennan states in the Kelly case, shortly afterwards by D. R. Wilder Mfg. Co. v. Corn Products Refining Co., (1915), 236 U.S. 165, 177, 35 S.Ct. 398, 59 L.Ed. 520. The pragmatic philosophy of Justice Holmes, dissenting in the Continental case, that people should be prevented from getting other people's property for nothing when they purport to be buying it is made the overriding general policy and guide to measure the propriety of such defenses in ordinary situations. (Kelly v. Kosuga, 358 U.S. pgs. 520–521, 79 S.Ct. pgs. 431–432). In my judgment, although it may be forgivable, flag-waving exercise, there is no merit in the argument of the defendants that the False Claims Act should be considered adequate support for the defenses and counterclaim. The further argument of the defendants that new concept to combat increasing Sherman Act violation should be invoked to change this old and settled rule is answered by the 1959 recanvass in the Kelly case which the District Courts must follow.

There is no injustice. Counts I and III containing the same alleged Sherman Act violations in the proper form, as exclusive and separate statutory remedy, with no bearing on independent contract, are not challenged by the use-plaintiff. In fact, these two anti-trust counterclaims are acknowledged by the plaintiff to be permissive. (F.R.Civ.Proc. 13(b)).

The motion is granted in its entirety. An order shall be submitted by the attorneys for the plaintiff in accordance herewith striking the defenses, and designated portions thereof, and the single counterclaim as itemized in the notice of motion.